Martin, J.
delivered the opinion of the court.* At the January term 1819, of this *418 court, Mrs. Skillman (then widow Haynie) recovered judgment against the curator of her former husband’s estate, and was directed to be classed as a mortgage creditor. Her object, in the present suit, is to obtain a writ of seizure and sale of certain negroes, sold by her husband to Lacey, and one of them by the latter to Borell, the other defendant, who brought him in as his warrantor. 6 Martin, 41.
They resist the claim, on the score of there being other property of the estate in the hands of the curator, or the plaintiff herself; and they allege, that Haynie did not sell the negroes to Lacey, but gave them in payment for a debt, for which the latter had a privilege on a plantation of said Haynie, which has since been sold on an execution, at the plaintiff’s suit, for $4450, being the two-thirds of the valuation, and which she afterwards sold for $8000, and on which Lacey claims a higher privilege than the plaintiffs.
There was judgment for the defendants, and the plaintiffs appealed.
Our attention is first called to a bill of exceptions, taken by their counsel, to the opinion of the district court, overruling his objections to the introduction of parol evidence, to show *419 that the negroes were not sold, but given in payment, in contradiction to the written proof which results from an act of sale.
If there were no writing, evidencing the manner in which Lacey acquired a title to these negroes, parol evidence could not be received, to establish what the defendants seek to prove, a datio en solutum, or giving in payment, i. e. a covenant, by which these slaves were given to Lacey in payment, or discharge of his privileged claim—Civil Code, 310, art. 241—the law imperiously requiring such a covenant to be reduced to writing, and forbidding, in case it be disputed, the admission of parol evidence to prove it.
But an act was here drawn to preserve the evidence of the conveyance of three slaves by Haynie to Lacey; and this appears thereby to be a contract of sale. Evidence that what the act shows to have been a sale, was not a sale, but a dation en paiement, is evidence against what is contained in the act; and the law has said, such evidence must be written, and parol evidence must not be received—id. art. 242.
The district judge, in our opinion, erred in admitting parol evidence to this effect.
We are bound, therefore, to disregard all *420 the parol evidence, thus illegally received ; and the defendants are thereby deprived of any means of supporting their assertion, that the slaves were not sold, and that the plaintiffs are bound to respect their privilege.
The other ground of defence does not appear less unreasonable. There is no evidence of any estate of Haynie, to which the plaintiff is bound to resort, before she comes to the slaves mentioned in the petition. There has been no waste of the property of the estate, that can be imputed to her.
In the year 1816, it appears, she purchased at a sheriff’s sale the plantation of her late husband, which had been seized to satisfy a judgment she had obtained. This judgment, not being appealed from, and indeed being no longer appealable from, must be considered as res judicata, and such as could be legally executed; it is not urged, that any of the formalities which the law prescribes were omitted.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed ; and that a writ of seizure and sale issue, as prayed for. The costs in both courts to be *421 paid by the defendants and appellees; and that the defendant Borell have his remedy against the defendant Lacey, if the slave by him purchased be taken and sold in pursuance of the writ of seizure and sale, and that he have his costs against Lacey, in both courts.

 Porter, J. did not join in the opinion, having been of counsel in the cause.